940 P.2d 1133

In the Matter of the Application of United Water Idaho Inc. for Approval of Rates and Charges and for a Certificate of Public Convenience and Necessity to Operate as a Water Utility in the State of Idaho (Euw–W–94–1).

In the Matter of the Application of Eagle Water Company, Inc. for Authority to Expand its Certificated Area & Amend its Certificate of Public Convenience & Necessity No. 278 (Eag–W–95–1).

EAGLE WATER COMPANY, INC.,
Applicant–Appellant on
Appeal,

v.

IDAHO PUBLIC UTILITIES
COMMISSION, Respondent
on Appeal,

and

United Water Idaho, Inc., Applicant–
Respondent on Appeal,

and

The City of Eagle, Respondent on Appeal.

No. 23250.

Supreme Court of Idaho,
Boise, May 1997 Term.

July 8, 1997.

Robert L Aldridge, CHTD, Boise; and Marcus, Merrick & Montgomery, Boise, for appellant. Barry L. Marcus argued, Boise.

Alan G. Lance, Attorney General; Scott D. Woodbury, Deputy Attorney General, argued, Boise, for respondent Idaho Public Utilities Commission.

Spink & Butler, Boise, for respondent United Water Idaho, Inc. Michael T. Spink argued, Boise.

Moore & McFadden, Boise, for respondent City of Eagle.

JOHNSON, Justice.

This is a public utilities case. We do not address several of the issues presented by appellant because there was not a timely request to the Idaho Public Utilities Commis-

sion (IPUC) for reconsideration. Concerning the remaining issue, we conclude that IPUC has the authority to require a utility to obtain permission before extending its facilities into uncertificated buffer areas.

## I.

## THE BACKGROUND AND PRIOR PROCEEDINGS

United Water Idaho, Inc. (United) filed an application with IPUC for an amended certificate of public convenience and necessity to expand its area of service into the Eagle area. United later amended its application to request an enlarged Eagle service area.

Eagle Water Company, Inc. (Eagle Water) filed an application with IPUC for an amended certificate of public convenience and necessity to expand its area of service in the Eagle area.

Because the service areas sought by United and Eagle Water overlapped, IPUC consolidated the two cases for hearing. On March 5, 1996, IPUC issued an order authorizing United to provide water service to certain identified Eagle areas and a separate order authorizing Eagle Water to provide water service to certain other identified Eagle areas. In these orders, IPUC also left certain areas uncertificated as a "buffer zone" (the uncertificated buffer areas).

On March 26, 1996, United filed a petition for reconsideration contending that IPUC should not have awarded additional service areas to Eagle Water, especially an area north of Floating Feather Road, without making express findings concerning Eagle Water's present and future ability to serve the new areas. On April 2, 1996, Eagle Water filed a cross-petition for reconsideration opposing United's petition for reconsideration and, in addition, requesting reconsideration of some of the service area granted to United in the March 5, 1996, order. Also on April 2, 1996, the City of Eagle filed a cross-petition for reconsideration asking IPUC to leave the area north of Floating Feather Road uncertificated.

IPUC granted reconsideration solely as to whether it was appropriate to award Eagle

Water the area north of Floating Feather Road and east of Eagle Road and directed Eagle Water to file a detailed financial plan demonstrating its ability to provide future water service. IPUC found that as to other matters raised by the parties, IPUC's decision was "either supported by the record and/or the Commission in furtherance of the public convenience and necessity and pursuant to the power and authority granted it under Title 61 of the Idaho Code has the authority and discretion to order same." IPUC also specifically found that Eagle Water's request that IPUC decrease the area awarded to United and enlarge the buffer area was not timely as a petition for reconsideration and was beyond the permissible scope of a cross-petition for reconsideration.

On reconsideration, IPUC withdrew the area north of Floating Feather Road from Eagle Water's service area. IPUC also stated that neither United nor Eagle Water is permitted to extend their facilities into the uncertificated buffer areas without prior application and authorization from IPUC.

Eagle Water appealed.

## II.

### ISSUES RAISED BY EAGLE WATER CONCERNING THE SERVICE AREA AWARDED TO UNITED NOT ADDRESSED.

■ Eagle Water raises several issues concerning the service area awarded to United. We do not address these issues because Eagle Water did not file a timely petition for reconsideration by IPUC concerning those issues.

Under I.C. § 61–626(1) a petition for reconsideration must be filed within twenty-one days after the date of the order from which reconsideration is sought. A cross-petition for reconsideration may be filed within seven days after the filing of a petition for reconsideration. I.C. § 61–626(1). Cross-petitions for reconsideration may be filed "in response to any issues raised in any petition for reconsideration." *Id.* In addition the statute provides:

Cross-petitions for reconsideration may be granted if any petition for reconsideration

to which they respond is granted on the issues to which the cross-petition is directed, but cross-petitions for reconsideration will be denied when the petitions for reconsideration to which they are directed are denied.

*Id.*

■ Because a cross-petition for reconsideration will be granted only as to those issues that respond to an issue raised in a petition for reconsideration, the scope of a cross-petition for reconsideration is limited to those issues raised in a petition for reconsideration.

In the present case, Eagle Water's cross-petition for reconsideration was not filed within twenty-one days of the IPUC order certificating certain areas to United. Therefore, Eagle Water's cross-petition for reconsideration was not timely as a petition for reconsideration and was necessarily limited in scope to those issues raised in United's petition for reconsideration.

A party may seek judicial review of an order of IPUC in accordance with I.C. § 61–627. *Utah–Idaho Sugar Co. v. Intermountain Gas Co.*, 100 Idaho 368, 373, 597 P.2d 1058, 1063 (1979) (holding that final orders of IPUC are generally not subject to collateral attack and should be challenged either by a petition for reconsideration or appeal to this Court in accordance with I.C. § 61–627). I.C. § 61–627 provides:

After a petition for reconsideration is denied, or, if the petition is granted, then after the rendition of the decision on reconsideration, the state of Idaho or any party aggrieved may appeal to the supreme court from any order of the public utilities commission by filing a notice of appeal and serving the same in the manner provided by the rules of the supreme court.

■ In *Key Transp., Inc. v. Trans Magic Airlines Corp.*, 96 Idaho 110, 112–113, 524 P.2d 1338, 1340–41 (1974), this Court stated, "It is a well settled rule that in an appeal from the commission matters may not be raised for the first time on appeal and that where the objections were not raised in the

petition for rehearing, they will not be considered by this court." The rationale behind the rule is to afford IPUC the opportunity to rectify any mistake before presenting the issue to the Supreme Court. *Id.* at 113, 524 P.2d at 1341.

In *Washington Water Power Co. v. Idaho Public Utilities Commission,* 101 Idaho 567, 617 P.2d 1242 (1980), Washington Water Power did not petition for reconsideration from an order of IPUC suspending the effective date of certain proposed tariffs for an additional sixty days. Washington Water Power did, however, raise the issue in a petition for reconsideration of the substantive order denying part of the rate relief requested. Although IPUC found that it was improper to raise the issue at that time, IPUC did consider the issue and reaffirm its order on the issue. Because IPUC considered the issue, this Court did also.

In the present case, IPUC specifically stated that it would not consider issues concerning the service area awarded to United raised in Eagle Water's cross-petition for reconsideration because the issues were beyond the permissible scope of a cross-petition for reconsideration and because Eagle Water did not file a timely petition for reconsideration. Therefore, we will not address these issues.

### III.

### IPUC HAS THE AUTHORITY TO REQUIRE EAGLE WATER TO OBTAIN APPROVAL PRIOR TO EXTENDING FACILITIES INTO THE UNCERTIFICATED BUFFER AREAS.

■ Eagle Water asserts that IPUC did not have authority to require prior approval by IPUC before Eagle Water may extend facilities into the uncertificated buffer areas. We disagree.

In IPUC's order following reconsideration, IPUC withdrew the area north of Floating Feather Road from Eagle Water's certificated area. Further, IPUC's order provided, "Neither utility is permitted to extend facilities into the uncertificated areas without prior application to and authorization from this Commission."

I.C. § 61–526 provides that utilities must obtain a certificate of convenience and necessity prior to the construction of any facilities, but provides an exception to this requirement for:

> an extension within any city or county, within which it shall have theretofore lawfully commenced operation, or for an extension into territory whether within or without a city or county, contiguous to its [facilities], and not theretofore served by a public utility of like character, or for an extension within or to territory already served by it necessary in the ordinary course of its business.

This exception would normally allow Eagle Water to extend its facilities into uncertificated areas contiguous to its facilities. This exception is limited by the following provision:

> if public convenience and necessity does not require or will require such construction or extension, the commission on complaint of the public utility claiming to be injuriously affected, or on the commission's own motion, may, after hearing, make such order and prescribe such terms and conditions for the locating or type of line, plant or system affected as to it may seem just and reasonable.

I.C. § 61–526.

In its order on reconsideration, IPUC stated:

> The Commission itself believed that the competing certificate applications required that most all of the territory be divided, with small buffer areas established for separation. After considered reflection we find that we are no longer of that belief. While we do not wish to encourage nor will we permit a checkerboard and/or uneconomic pattern of service to develop, we now believe that it is wise to wait for the actual pattern of planned development in this area before determining which entity should be the provider of water service.

Thus, IPUC found that the public convenience and necessity does not require that the buffer areas be certificated and does not allow the extension of facilities into the buff-

**318**

er areas without prior approval. Where public convenience and necessity do not require the extension of services into a particular area, I.C. § 61–526 gives IPUC the power on its own motion to prescribe terms and conditions that IPUC considers just and reasonable.

Review of a decision of IPUC is limited to whether IPUC has "regularly pursued its authority, including a determination of whether the order appealed from violates any right of the appellant under the constitution of the United States or of the state of Idaho." I.C. § 61–629. In the present case, IPUC regularly pursued its authority. Therefore, we uphold IPUC's decision.

## IV.

### UNITED IS NOT ENTITLED TO ATTORNEY FEES ON APPEAL.

■ United Water asserts that it is entitled to an award of attorney fees on appeal pursuant to I.C. § 12–121. We disagree.

■ Attorney fees are not available under I.C. § 12–121 in an appeal from an order of the IPUC because this type of case is not commenced by a complaint filed in a court action as required by I.C. § 12–121. See *Lowery v. Board of County Comm'rs,* 117 Idaho 1079, 1082, 793 P.2d 1251, 1254 (1990).

## V.

### CONCLUSION

We affirm IPUC's decision requiring Eagle Water to obtain permission prior to extending its facilities into the uncertificated buffer areas. We do not address issues raised by Eagle Water concerning the service area awarded to United.

We award United costs, but not attorney fees, on appeal.

TROUT, C.J., and McDEVITT, SILAK and SCHROEDER, JJ., concur.