## IN THE SUPREME COURT OF THE STATE OF IDAHO
### Docket No. 47511

| | | |
|---|---|---|
| **STEPHEN MERRILL,** | ) | |
| | ) | |
| **Plaintiff-Appellant,** | ) | **Boise, September 2020 Term** |
| | ) | |
| **v.** | ) | **Opinion Filed: December 4, 2020** |
| | ) | |
| **ERIK P. SMITH,** | ) | **Melanie Gagnepain, Clerk** |
| | ) | |
| **Defendant-Respondent.** | ) | |

Appeal from the District Court of the First Judicial District of the State of Idaho, Kootenai County. Lansing Haynes, District Judge.

The district court's order granting summary judgment is <u>reversed</u>, the judgment is <u>vacated</u>, and the case is <u>remanded</u>.

Appellant, Stephen Merrill, *pro se*.

Respondent, Erik P. Smith, *pro se*.

—————————————

STEGNER, J.

This case involves a fee dispute between two attorneys arising from a purported fee-sharing agreement. The underlying case involved an airman in the U.S. Air Force who was injured while driving through Idaho on his way to a posting in Alaska. The airman hired an Alaska attorney, Stephen Merrill, to represent him in pursuit of his personal-injury claims in Idaho. Merrill associated Erik Smith, an Idaho attorney, to act as local counsel in the airman's suits. At a point in the proceedings, the airman terminated Merrill's representation. Smith ultimately settled the case and retained the entire attorney fee. Merrill then sued Smith seeking his proportionate share of the fee. Smith moved for summary judgment which was granted by the district court. Merrill appeals. For the reasons set out below, we conclude the district court erred in granting summary judgment to Smith.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

### A. Facts.

Bradley Bliton, an airman serving in the United States Air Force, was driving through Kootenai County, Idaho, on May 18, 2015, when he was involved in a rollover motor vehicle accident caused by the driver of another vehicle. Bliton sustained serious physical injuries. Bliton was on his way to his new posting in Alaska. After Bliton was settled in Alaska, he hired Stephen Merrill to represent him in his claims against the other driver. In early 2016, Bliton was diagnosed with Post Traumatic Stress Disorder and a Traumatic Brain Injury (TBI) purportedly caused by the accident. According to Bliton, Merrill believed there was also a case to be made against the manufacturer of Bliton's vehicle because the airbags had failed to deploy and did not prevent the injuries sustained.

As the deadline for filing Bliton's suits drew near, Merrill sought to obtain local counsel in Idaho to assist in Bliton's representation. At some point in early May 2017, Merrill contacted Coeur d'Alene attorney Erik Smith to gauge whether he would be willing to act as Bliton's Idaho counsel. Multiple emails were exchanged between Merrill and Smith in an apparent effort to agree upon how attorney fees would be split between them. In one of the last emails from Smith to Merrill, Smith wrote: "I would agree to the 2:1 atty [sic] fee agreement you propose." Erik Smith thereafter agreed to act as Bliton's Idaho counsel in association with Merrill. Merrill contends the terms of his agreement with Smith were contained in the series of emails between the two lawyers. In particular, Merrill contends that he and Smith agreed that two-thirds of the contingent fee would be paid to Merrill, with the remaining one-third being paid to Smith. A contingent fee agreement was also drafted by Merrill for signature by Bliton, Bliton's wife, Merrill, and Smith.[1] While the contingent fee agreement was signed by Bliton, Bliton's wife, and Merrill, for reasons that have not been explained, Smith never signed the agreement. Even though the agreement referenced a fee-sharing agreement between Merrill and Smith, the agreement did not spell out or address any of the specifics of the separate fee-sharing agreement.[2]

---

[1] While Bliton's wife was also a plaintiff in the Idaho state court actions, her involvement is immaterial to this case. For the sake of simplicity "Bliton" will be used throughout this opinion in the singular.

[2] The agreement contained a clause stating, "The division of the attorney fees paid between the Law Firms shall be determined by the Law Firms in their separate agreement." However, there was no indication of what was contained in this "separate agreement." Notably, the failure to set out the agreement between Merrill and Smith in the agreement signed by Bliton appears to violate the rules of professional responsibility in both Idaho and Alaska. Idaho Rule of Professional Conduct 1.5(e) states: "A division of a fee between lawyers who are not in the same firm may be made only if: . . . the client agrees to the arrangement, *including the share each lawyer will receive*, and the agreement is

2

Smith filed two actions on Bliton's behalf in Kootenai County on May 18, 2017. The first action was against the at-fault driver, who was insured by GEICO (*Bliton v. Lee*, Kootenai County Case No. CV-17-3881). The second action was against the manufacturer of the vehicle Bliton had been driving, Fiat-Chrysler (*Bliton v. Fiat-Chrysler*, Kootenai County Case No. CV-17-3880).

According to Bliton, after the suits were filed, Merrill's involvement with the cases was marked by disagreements with Smith. In November 2017, Smith informed Bliton that he would withdraw from the cases because of the difficulty he was experiencing in working with Merrill. Bliton asked Smith if he would continue to represent him if Merrill were no longer involved. Smith agreed that he would. On December 5, 2017, Bliton terminated his agreement with Merrill.[3]

Smith continued to negotiate with GEICO in an effort to settle the suit against the at-fault driver. Although the exact timeline is unclear, sometime in 2018 GEICO tendered to Smith its $100,000 policy limits of liability coverage. Smith accepted the tender on behalf of Bliton and settled that litigation. Merrill alleges that Smith inappropriately kept the entire attorney fee proceeds of $40,000.00. Bliton received the balance. Merrill further alleges that at some point Smith also arranged to have a meritorious suit against Fiat-Chrysler dismissed.

**B. Procedural Background.**

On March 9, 2019, Merrill filed suit against Smith in Kootenai County seeking his share of the attorney fees. Merrill designated his suit as a "declaratory judgment complaint" brought pursuant to Idaho Code section 10-1201. Merrill sought "a determination of the attorney fee division for professional work performed on two suits[.]" Merrill contended that he had performed far more work on Bliton's cases than had Smith. Merrill concluded his *pro se* complaint as follows:

> 29. Attorney Smith should gain no advantage from his destructive machinations described above that greatly harmed the interests of a disabled client and also betrayed the lead counsel who hired him.
> 30. Trial by jury is hereby requested. Idaho Code Section 10-1209[.]
> THEREFORE, the plaintiff moves this honorable Court for entry of a Declaratory Judgment determining that the distribution of the attorney-fee to be $26,800 for the

---

confirmed in writing[.]" Idaho Rules of Professional Conduct 1.5(e) (italics added). Alaska's comparable rule is identical to Idaho's. *See* Alaska R. Prof. Conduct 1.5(e). While the signed agreement appears to run afoul of both the Idaho and Alaska rules of professional responsibility, a violation of these rules does not affect our analysis of the merits of this case. *See, e.g.*, *Kosmann v. Dinius*, 165 Idaho 375, 382, 446 P.3d 433, 440 (2019), *reh'g denied* (Aug. 26, 2019). Needless to say, if the lawyers involved had complied with the applicable rules of professional responsibility, it is doubtful this dispute would have resulted.

[3] Merrill contends that Smith "poisoned" the relationship he enjoyed with Bliton. Merrill argues that at the time, Bliton was suffering from neurological issues related to his TBI. Bliton has provided statements contradicting this argument, explaining instead that he was frustrated by Merrill's delays, unrealistic expectations, and difficulty in dealing with others.

plaintiff [Merrill] herein and $13,200 for the defendant [Smith] herein, together with the award of costs in this suit.

As further procedural relief, the plaintiff seeks the alleged lien amount of $26,800 to be interpleaded by Attorney Smith into the Court's account pending the resolution of this suit.

Smith answered the complaint and asserted several affirmative defenses on May 1, 2019. Contentious discovery ensued.

Smith filed for summary judgment on July 17, 2019. Smith first argued that there was no written contract entitling Merrill to relief, as the contingency fee agreement entered into by Merrill and Bliton (and never signed by Smith) did not formalize the fee sharing agreement between Merrill and Smith. Smith also argued that there was no oral contract entitling Merrill to relief because there was no mutual agreement by the parties to all the essential terms. Finally, Smith argued that if an agreement had been formed, the agreement was terminated when Bliton discharged Merrill. Smith also argued that Merrill's lack of work on Bliton's cases constituted a material breach defeating the fundamental purpose of the agreement with Smith. Smith did not file any supporting affidavits to describe or clarify his negotiations with Merrill.

In response, Merrill argued that there had been an agreed-upon fee split between Smith and himself, as reflected in a series of emails exchanged when Smith was retained as local counsel by Merrill. Merrill argued that Smith did not perform any additional work on Bliton's cases after Merrill's services were ended. Merrill further contended that this was a lien enforcement suit and that the legal standard for analysis was "quantum meruit," with no requirement for a contract between the parties.

A hearing was held on August 14, 2019, before the district court. Smith argued that Bliton had lawfully terminated the attorney-client agreement. Smith also argued for the first time that Bliton was a necessary party because the settlement funds belonged to him.

Merrill reiterated his claim that quantum meruit applied even if contract law did not. When Smith argued that the issue of quantum meruit had not been referenced in the briefing or in the complaint, Merrill argued that he had cited quantum meruit cases in his briefing and had alleged sufficient facts to support a claim for quantum meruit in his complaint. Merrill also argued that all that was necessary to remedy this was to amend his complaint. At the close of the hearing, the district court took the arguments under advisement and stated that it would render a written decision.

4

On August 29, 2019, the district court issued its memorandum decision and order granting Smith's motion for summary judgment against Merrill. The district court first concluded that Merrill had not submitted evidence supporting the existence of a contract with properly authenticated, admissible evidence. The district court observed that Merrill had merely attached copies of the emails between Smith and himself to his brief, and had not authenticated the exhibits, so the district court could not consider the evidence as it had not been properly submitted. The district court noted that Merrill would be allowed to properly support his assertions in a motion to reconsider if he chose to submit one.

The district court also held that Merrill had not sufficiently pleaded a cause of action for quantum meruit, because Idaho Code section 10-1202 only authorized declaratory judgments for actual contracts and not implied-in-fact contracts. The district court observed that the only remedy that Merrill's complaint sought was a declaratory judgment, and that a declaratory judgment was not available where an implied-in-fact contract had been alleged.

Merrill moved for reconsideration on September 10, 2019. Smith did not file a response. A hearing was held on October 1, 2019. Merrill "contend[ed] that the contract between the parties here does control." Merrill also asserted that he was seeking to have his case move forward on quantum meruit as an alternative form of relief if no contract had ever been created.

Smith responded by pointing out that Merrill had not submitted any additional evidence on reconsideration, even though the district court's memorandum decision had been clear that properly admissible evidence would be considered on reconsideration. Smith also argued that Merrill had not moved to amend his complaint, and therefore had failed to cure the deficiencies identified by the district court on summary judgment.

At the close of the hearing, the district court ruled against Merrill. The district court repeated that this was a declaratory judgment cause of action under Idaho Code section 10-1202, and in order to have relief under that statute, an express contract was required. The district court again held that Merrill had failed to properly submit and authenticate the emails that contained the fee sharing agreement. Without admissible evidence, the district court concluded summary judgment had been properly granted against Merrill. The district court stated:

> The Court believes there is not a grounds (sic) under these procedural circumstances to just simply allow the filing of an amended complaint that brings forth a whole new cause of action as a basis for reconsideration of the order granting summary judgment; therefore, Plaintiff's Motion for Reconsideration is denied.

5

Merrill filed a timely appeal.

## II. STANDARD OF REVIEW

"*Pro se* litigants are held to the same standards and rules as those represented by an attorney."[4] *Suitts v. Nix*, 141 Idaho 706, 709, 117 P.3d 120, 123 (2005) (quoting *Twin Falls Cty. v. Coates*, 139 Idaho 442, 445, 80 P.3d 1043, 1046 (2003)).

"This Court exercises *de novo* review of a grant of summary judgment[.]" *AED, Inc. v. KDC Investments, LLC*, 155 Idaho 159, 163, 307 P.3d 176, 180 (2013).

## III. ANALYSIS

### A. The district court erred in shifting the burden at summary judgment to Merrill.

Merrill's original complaint alleged that attorney fees in Bliton's cases would be split between Smith and Merrill, with Merrill receiving two-thirds and Smith receiving one-third. Merrill alleged that this agreement had been reached through "correspondence on the engagement." When Smith filed for summary judgment, he argued that there was no actual contract between the two attorneys that finalized a fee-sharing agreement, only an attorney-client contract pertaining to the nature of the contingent fee arrangement. Smith maintained that it was undisputed that there was no written contract. Smith also argued that there was no proof of a "meeting of the minds" sufficient to form an oral contract. Notably absent from Smith's submissions in support of his motion for summary judgment is an affidavit from Smith.[5]

In response to Smith's contention, Merrill argued that there was an agreed-upon fee split in writing. In support of this argument Merrill attached to his brief a document containing emails between Smith and himself. In one, dated "May 04, 2017 7:39 AM" Merrill writes to Smith, "So, given the work so far and the work anticipated, I suggest a split of the contingent fee to be 2-1 in my favor, with flexibility on the number should things not develop as planned. Let me know on this point." Smith's response, less than an hour later, reads in pertinent part: "Therefore I would agree to the 2:1 atty [sic] fee agreement you propose. However, if we go to trial I would want to split the fee evenly thereafter." There is some further back and forth which seems to resolve the

---

[4] Both Merrill and Smith are members of their home-state Bar Associations. Merrill is a member of the Alaska Bar Association, and Smith is a member of the Idaho Bar Association. However, in this appeal, they are considered *pro se* (which is Latin meaning "for oneself") because each party is self-represented.

[5] Smith cited to several admissions made by Merrill during discovery, but only to establish that Merrill did no further work on Bliton's cases after Bliton terminated his relationship with Merrill. This was the only evidence Smith cited in support of his motion for summary judgment.

remaining issues and a simple "Ok" from Smith indicating he had agreed to the terms of the contract.[6]

In granting Smith's motion for summary judgment against Merrill, the district court concluded that Merrill had "not submitted evidence supporting the existence of a contract with properly authenticated, admissible evidence[.]"

"On a motion for summary judgment, the 'burden of proving the absence of a material fact rests at all times upon the moving party.' " *Silicon Int'l Ore, LLC v. Monsanto Co.*, 155 Idaho 538, 550, 314 P.3d 593, 605 (2013) (quoting *Tingley v. Harrison*, 125 Idaho 86, 89, 867 P.2d 960, 963 (1994)). Under Rule 56, to meet this burden, a movant must support the assertion by

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

I.R.C.P. 56(c)(1)(A)–(B).

"[I]f a party moving for summary judgment raises issues in his motion but then fails to provide any evidence showing a lack of any genuine issue of material fact with respect to those issues, the nonmoving party has no burden to respond with supporting evidence." *Thomson v. Idaho Ins. Agency, Inc.*, 126 Idaho 527, 531, 887 P.2d 1034, 1038 (1994). For example, in *Thompson v. Pike*, 122 Idaho 690, 697–98, 838 P.2d 293, 300–01 (1992), this Court reversed a grant of summary judgment when a defendant in a legal malpractice action failed to present any evidence concerning the element of breach of the standard of practice for attorneys. Although on appeal the parties disputed the non-movant's showing in rebutting the movant's assertions, this Court reiterated that the threshold inquiry was the *movant's* evidence. "In the absence of any evidence presented by Pike that Pike had not breached the standard of practice, Thompson had no burden to respond with evidence supporting a breach of the standard of practice." *Id.* In other words, only when the movant has properly met his burden will the burden shift to the non-movant

---

[6] The pleadings also tend to belie Smith's assertion that an agreement between the two lawyers was never reached. In his Complaint, Merrill alleged: "In correspondence on the engagement it was agreed between the two counsel the attorney fee split between the two law firms for both cases would be in the counsel's favor, 2-1, since I was going to do almost all of the work for both cases and provide most or all of the finance for the product liability suit." In response to this specific pleading, Smith issued a general denial, but then wrote: "Defendant . . . affirmatively states that any correspondence should speak for itself."

to dispute the movant's assertions and support his own. *See also Aardema v. U.S. Dairy Sys., Inc.*, 147 Idaho 785, 793, 215 P.3d 505, 513 (2009); *Thomson v. Idaho Ins. Agency, Inc.*, 126 Idaho 527, 530–31, 887 P.2d 1034, 1037–38 (1994).

The district court erred in granting summary judgment against Merrill because Smith failed to meet his burden as the moving party on summary judgment. When Smith filed his motion for summary judgment, he alleged that it was undisputed that there was no agreement reached between the parties, written or oral. This bald assertion contradicted the crux of Merrill's complaint that the agreement about fee sharing had been reached over the course of the email correspondence. However, Smith did not support this assertion by presenting evidence or by citing to any admissible evidence in this record. As Merrill argued in opposition to Smith's summary judgment motion: "Oddly, no affidavit from Smith is included with his summary judgment motion that would explain the key events in the suit relating to the attorney work performed and the facts of the underlying suit." Smith did not respond to this argument. In a dispute in which neither side produces admissible evidence regarding the discussions that took place between the two of them, the burden does not shift to the non-moving party. *See Thompson*, 122 Idaho at 697, 838 P.2d at 300. A threshold requirement for the party seeking summary judgment is to produce admissible evidence if he wishes to prevail.[7] *Id.*

Because Smith never met his burden to show the lack of a genuine issue of material fact as to whether there was a contract, the district court's subsequent reliance on *Shacocass* was misplaced. *See Shacocass, Inc. v. Arrington Constr. Co.,* 116 Idaho 460, 463, 776 P.2d 469, 472 (Ct. App. 1989). *Shacocass* dealt with the record on appeal, not the record before the trial court. Merrill's failure to produce admissible evidence to rebut Smith's factual assertions was immaterial to the summary judgment motion unless and until Smith presented evidence disputing Merrill's claims. While the district court correctly observed that Merrill failed to provide an affidavit authenticating the email exchange, Merrill had no obligation to do so under Idaho's Rules of Civil Procedure because Smith had never cited to admissible evidence to support his argument that

---

[7] The only citation to external materials in Smith's motion for summary judgment was for the assertion that Merrill had not continued to work on Bliton's cases after he had been terminated, not whether there was an agreement between the two lawyers. In fact, Smith's assertion that Merrill had ceased work on Bliton's cases indicates Merrill had worked on Bliton's cases prior to his services being terminated.

"there had never been a meeting of the minds."[8] In other words, Smith never did what was required of him to shift the burden to Merrill.

On this scant record, Smith has failed to meet his burden at summary judgment, as unsupported factual allegations in a pleading do not constitute proof for purposes of a summary judgment motion. As a result, the district court erred in shifting the burden of proof to Merrill, the non-moving party. Whether Merrill had submitted admissible evidence in response to Smith was unnecessary; as the non-moving party, Merrill was not required to produce any evidence at all until Smith met his burden, which he never did. Accordingly, we reverse the grant of summary judgment to Smith and vacate the judgment entered.[9]

## IV.    CONCLUSION

For the previously stated reasons, we reverse the grant of summary judgment, vacate the judgment entered, and remand the case for further proceedings. Costs are awarded to Merrill as the prevailing party on appeal.

Chief Justice BURDICK, Justices BRODY, BEVAN and MOELLER CONCUR.

---

[8] In addition, Merrill's Brief in Opposition to the Defendant's Motion for Summary Judgment contains the following verbiage: "The statements made in this brief that contain the personal knowledge of this counsel are true and complete to the best of my knowledge." While this language does not arise to that of an affidavit, Merrill's submission is entitled to more weight than it would without this vouching. In Merrill's brief, he writes: "In this suit there was an agreed fee split between the two firms made in writing. The entire agreement of the two law firms is contained in the email string where I hired Attorney Smith as local counsel for Bliton, not as lead or equal counsel." Merrill's statement also referenced the email thread and the emails were attached to his brief. Smith has done nothing to refute this statement.

[9] Because we are reversing the grant of summary judgment and remanding the case for further proceedings, we decline to address the additional arguments raised by Merrill on appeal.