# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 51148

SHERRY COLE )
                                                 )
    Appellant, )
                                                 ) **Boise, October 2024 Term**
v. )
                                                 ) **Filed: December 20, 2024**
IDAHO PUBLIC UTILITIES )
COMMISSION and PACIFICORP, ) **Melanie Gagnepain, Clerk**
d/b/a ROCKY MOUNTAIN POWER )
COMPANY )
                                                 )
    Respondents on Appeal. )
_____ )

Appeal from the Idaho Public Utilities Commission.

The decisions of the Commission are <u>affirmed</u>.

Sherry Cole, *pro se* for Appellant. Sherry Cole argued.

Idaho Public Utilities Commission, attorney for Respondent, Idaho Public Utilities Commission. Michael Duval argued.

Rocky Mountain Power Company, attorney for Respondent, PacifiCorp d/b/a Rocky Mountain Power Company. Joe Dallas argued.

_____

BEVAN, Chief Justice.

Sherry Cole appeals from an order of the Idaho Public Utilities Commission dismissing her complaint against Rocky Mountain Power ("RMP"). Cole filed a formal complaint against RMP alleging she had been overbilled because her power meter was cross-connected with her neighbor's. An employee for RMP informed Cole that her meter was cross connected and credited her account with $1,256.45. Later tests revealed the meters were not cross connected. Consequently, RMP removed the credit from Cole's account but applied a credit of $450 for the inconvenience. Cole filed a formal complaint with the Idaho Public Utilities Commission. The Commission dismissed Cole's complaint because it found no evidence she was overcharged. Cole

moved to reconsider, which the Commission denied. Cole appealed to this Court. For the reasons stated herein, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On January 3, 2023, Cole contacted RMP alleging that her power meter was cross connected with her neighbor's, resulting in overcharges. According to Cole, RMP had moved the meter banks at some point within the past five years. RMP sent a meter reader to Cole's residence to inspect the meters. The meter reader informed Cole that the meters were cross connected and that they would be fixed soon. RMP sent a letter to Cole informing her that it was taking action to address the cross-connection. RMP then applied a $1,256.45 credit to Cole's account to account for improper billing.

In February, RMP sent another meter reader to the site to perform a "breaker test." As noted by RMP, a breaker test

> is a procedure performed to determine whether there is a cross-connection or misalignment in the electrical wiring between meters. It involves temporarily disconnecting the electrical supply to each meter and observing any impact on neighboring meters to identify potential cross-connections. The main service disconnect breaker is utilized, if available, to turn off the electrical supply downstream from a specific meter, allowing an individual to assess what is served (or not served) by that meter. This helps in identifying any cross-connections or misalignments in the electrical wiring between meters.

The breaker test revealed the meters were not actually cross connected. RMP subsequently reversed the credit given to Cole. Cole then called RMP to discuss the charges and notified RMP she would be contacting the Commission.

In March, RMP again sent a meter reader to Cole's residence to perform a second breaker test. This test confirmed the result of the February test – that the meters were not cross connected. RMP issued a $450 credit to Cole for any inconvenience she had suffered. Cole then filed a formal complaint against RMP with the Commission in which she maintained the meters were crossed and she was entitled to reinstatement of the original credit. Other than the allegations in her complaint, that when a meter reader shut off the electrical supply to her meter her neighbor's power turned off, the only evidence Cole provided of a cross-connection was the initial letter sent by RMP.

RMP answered Cole's complaint, acknowledged the erroneous credit, affirmed that the meters were not cross connected, and moved to dismiss the complaint. RMP also provided its calculations for determining Cole's correct energy usage. Cole responded by submitting a public

2

comment stating she needed to "talk to the judge" about procedural issues and false information presented by RMP. The Commission dismissed Cole's complaint, finding that she provided no evidence that she was overcharged.

Cole submitted another comment through the Commission's website stating "thanks for ignoring the evidence that was submitted electronically several times. [F]or the customer that had losses that are now considered theft by the utility and only considering the falsehoods the utility provided. I will be appealing this decision and suing them now." Cole then petitioned for reconsideration.

In response to Cole's motion for reconsideration, RMP submitted the affidavit of Jon Kruck, an investigator with the Commission, who stated that he believed the meters were not cross connected. Kruck formed this opinion after conducting an analysis of the five previous years of monthly bills comparing month-to-month and year-to-year energy usage. Kruck concluded that Cole's energy usage was materially consistent after accounting for temperature variations. The Commission denied Cole's petition for reconsideration, finding that Cole largely restated facts known to the Commission at the time of dismissal and failed to demonstrate dismissal was "unreasonable, unlawful, erroneous, or not in conformity with the law." Cole appealed to this Court asserting multiple errors.

## II. ISSUES ON APPEAL

1. Whether this Court erred by permitting the Commission to participate as a Respondent in this appeal.

2. Whether the Commission's findings are supported by substantial and competent evidence.

3. Whether Cole has waived her remaining arguments.

4. Whether Cole is entitled to attorney fees on appeal.

## III. STANDARDS OF REVIEW

When reviewing an order of the Commission, this Court must "determine whether the Commission has regularly pursued its authority, including a determination of whether the order appealed from violates any right of the appellant under the constitution of the United States or of the state of Idaho." I.C. § 61-629. "No new or additional evidence may be introduced in the Supreme Court, but the appeal shall be heard on the record of the commission as certified by it." *Id.* This Court reviews whether the Commission "abused or exceeded its authority or made findings unsupported by substantial evidence." *Intermountain Gas Co. v. Idaho Pub. Utilities Comm'n*, 97 Idaho 113, 127, 540 P.2d 775, 789 (1975). "Where the Commission's findings are supported by

substantial, competent evidence, this Court must affirm those findings and the Commission's decision." *Indus. Customers of Idaho Power v. Idaho Pub. Utilities Comm'n*, 134 Idaho 285, 288, 1 P.3d 786, 789 (2000) (citation omitted).

"It is a well settled rule that in an appeal from the [C]ommission[,] matters may not be raised for the first time on appeal and that where the objections were not raised in the petition for rehearing, they will not be considered by this [C]ourt. The rationale behind the rule is to afford IPUC the opportunity to rectify any mistake before presenting the issue to the Supreme Court." *Eagle Water Co. v. Idaho Pub. Utilities Comm'n*, 130 Idaho 314, 316–17, 940 P.2d 1133, 1135–36 (1997) (internal quotations and citation omitted).

"*Pro se* litigants are held to the same standards and rules as those represented by an attorney." *Merrill v. Smith*, 167 Idaho 795, 799, 477 P.3d 230, 234 (2020) (citing *Suitts v. Nix*, 141 Idaho 706, 709, 117 P.3d 120, 123 (2005)).

## IV. ANALYSIS

### A. The Court did not err in permitting the Commission to participate as a Respondent.

Cole claims it was improper to allow the Commission to join as a respondent on appeal. Idaho Code section 61-630 provides that the Commission and any party to the proceeding have the right to appear and be heard on appeal. Accordingly, this Court did not err in permitting the Commission to participate as a respondent on appeal.

### B. The Commission's factual findings are supported by substantial and competent evidence.

Cole maintains on appeal that the Commission ignored the facts of the case and accepted perjured statements when it dismissed her complaint and denied her petition for reconsideration. RMP argues that the Commission's factual findings are supported by substantial and competent evidence. The Commission also contends it regularly pursued its authority in adjudicating Cole's complaint.

"[W]here the Commission's findings are supported by substantial, competent evidence, this Court must affirm those findings and is obligated to affirm its decision." *Rosebud Enterprises, Inc. v. Idaho Pub. Utilities Comm'n*, 128 Idaho 624, 631, 917 P.2d 781, 788 (1996) (citation omitted) (internal quotation marks omitted). Substantial and competent evidence is "more than a scintilla of proof, but less than a preponderance." *Nelson v. Indus. Special Indem. Fund*, ___ Idaho ___, 553 P.3d 953, 960 (2024). "The Commission's findings of fact are therefore entitled to a presumption of correctness, and the burden is on the appealing party to show that those findings

4

are not supported by substantial evidence." *Indus. Customers of Idaho Power v. Idaho Pub. Utilities Comm'n*, 134 Idaho 285, 292, 1 P.3d 786, 793 (2000) (citation omitted).

The Commission reviewed Cole's complaint and the allegations therein. RMP provided the Commission with bills and calculations of Cole's energy usage. The Commission also considered Kruck's analysis of Cole's monthly bills. Based on that analysis, Kruck concluded the meters were never crossed. If the power meters were cross connected and fixed as Cole maintains, Kruck would have seen a significant change in Cole's monthly energy usage. However, Kruck did not observe a significant change and determined any changes in monthly billing amounts were materially consistent with each other after accounting for the weather. Finally, two separate breaker tests demonstrated that the meters were not cross connected.

This Court does not re-weigh the evidence presented to the Commission. Rather, our task is to determine whether the Commission's decision is supported by substantial and competent evidence. On appeal, Cole continues to rely on her own undocumented anecdotal evidence rather than demonstrate the lack of evidence to support the Commission's decision. This is insufficient to overcome the presumption of correctness the Commission is entitled to. Therefore, we must affirm.

## C.     Cole's remaining arguments have been waived on appeal.

Cole raises various constitutional arguments for the first time on appeal. First, she claims that the $1,256.45 credit became her personal property, subject to the Due Process Clause of the Fourteenth Amendment. She also claims the Commission lacks jurisdiction to intervene in a matter that has a constitutional outcome because it is not an Article III court. U.S. CONST. art. III. She next alleges an improper public-private partnership between the Commission and RMP. Her main argument on appeal is that RMP's subsequent revocation of the credit given constitutes a regulatory taking. Finally, Cole argues that the Commission's "tribunals" violate Idaho's constitutional separation of powers provision because the Commission exercises a judicial function. ID. CONST. art. II, § 1.

The Commission contends that Cole has waived these constitutional arguments because she makes them for the first time on appeal. The Commission asserts that the Court's authority under Idaho Code section 61-629 to determine "whether the order appealed from violates any right of the appellant under the constitution of the United States or of the state of Idaho" does not open the door for constitutional arguments raised for the first time on appeal.

This Court does not normally address arguments raised for the first time on appeal. At the same time, the Commission does not possess the authority to resolve constitutional questions. *See* I.C. § 61-501 (investment of authority); I.C. § 61-502 (authority to set rates); I.C. § 61-503 (authority to investigate rates, charges, and practices). Thus, in this unique circumstance, Cole's arguments *can* be raised for the first time on appeal. *See Allen v. Partners in Healthcare, Inc.*, 170 Idaho 470, 479–80, 512 P.3d 1093, 1102–03 (2022) (addressing merits of constitutional challenge to Idaho Industrial Commission for the first time on appeal). That said, we do not reach the merits because Cole's arguments have been waived on other grounds.

"A general attack on the findings and conclusions of the [lower tribunal], without specific reference to evidentiary or legal errors, is insufficient to preserve an issue." *Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010) (citation omitted). "Regardless of whether an issue is explicitly set forth in the party's brief as one of the issues on appeal, if the issue is only mentioned in passing and not supported by any cogent argument or authority, it cannot be considered by this Court." *Barton v. Bd. of Regents of Univ. of Idaho*, ___ Idaho ___, 550 P.3d 293, 302 (Idaho 2024) (quoting *Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010)).

Cole has waived her remaining arguments by failing to support them with sufficient authority. Cole does not provide any legal authority to suggest PacifiCorp, a private entity, is governed by the Fifth and Fourteenth amendments. Likewise, Cole offers no legal authority to support the claim that the Commission's actions, as a trier of fact, constituted a regulatory taking. While she provides definitions and examples of regulatory takings, she does not point to specific actions taken by the Commission that would constitute a taking. Finally, Cole's conclusory statements about the separation of powers, public-private partnerships, the Ninth Amendment, and the constitutionality of the Commission were not supported with relevant legal argument and authority. "It is not the role of this Court to search the record on appeal for citation or argument." *Dickenson v. Benewah Cnty. Sheriff*, 172 Idaho 144, ___, 530 P.3d 691, 697 (2023); *see also Wood v. Idaho Transp. Dep't*, 172 Idaho 300, ___, 532 P.3d 404, 411 (2023) (noting that arguments without authority are too indefinite to be heard by this Court). Accordingly, these arguments are waived, and we will not consider them.

**D.      Cole is not entitled to attorney fees on appeal.**

"[T]his Court has long held that *pro se* litigants are not entitled to attorney fees." *Michalk v. Michalk*, 148 Idaho 224, 235, 220 P.3d 580, 591 (2009) (citing *Barbee v. WMA Sec., Inc.*, 143

Idaho 391, 397, 146 P.3d 657 (2006)). Such fees are only available to licensed members of the Bar who have incurred fees while representing a client. Together with the fact that Cole did not prevail on appeal, because Cole appeared *pro se*, we decline to award attorney fees.

## V. CONCLUSION

The Commission's orders dismissing Cole's complaint and denying reconsideration are affirmed.

Justices BRODY, MOELLER, ZAHN, and MEYER concur.